UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL BLACKWELL

(Name of the plaintiff or plaintiffs)

v.

Kokua Hospitality llc
dba THE ALLERTON HOTEL

(Name of the defendant or defendants)

CIVIL ACTION

09CV5330
JUDGE GUZMAN
MAGISTRATE JUDGE BROWN

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is MICHAEL BLACKWELL of the county of COOK in the state of ILLINOIS.
3. The defendant is KOKUA Hospitality dba THE ALLERTON Hotel whose street address is 50 CALIFORNIA ST STE 3300, (city) SAN FRANCISCO (county) _____ (state) CA (ZIP) 94111
(Defendant's telephone number) (312) - 440 - 1500

II The plaintiff sought employment or was employed by the defendant at (street address) 701 N. MICHIGAN AVE (city) CHICAGO (county) COOK (state) IL (ZIP code) 60611

5. The plaintiff [check one box]
    (a) ☐ was denied employment by the defendant.
    (b) ☐ was hired and is still employed by the defendant.
    (c) ☒ was employed but is no longer employed by the defendant.
6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) NOVEMBER, (day) 13, (year) 2007.

FILED

AUG 2 8 2009 TC
Aug 28. 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

    ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) DECEMBER (day) 06 (year) 2007. +DUAl (IDHR)

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. ☒ YES. ☐ NO,

**but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    ☐ Yes (month)_____ (day)_____ (year)_____
    ☐ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

c. Attached is a copy of the

    a. Complaint of Employment Discrimination,
    ☐ YES ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision
    ☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b)☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) **June** (day) **4th** (year) **2009** a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a)☐ Age (Age Discrimination Employment Act).
   (b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d)☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e)☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f)☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a)☐ failed to hire the plaintiff.
    (b)☒ terminated the plaintiff's employment.
    (c)☐ failed to promote the plaintiff.
    (d)☐ failed to reasonably accommodate the plaintiff's religion.
    (e)☐ failed to reasonably accommodate the plaintiff's disabilities.
    (f)☒ failed to stop harassment;
    (g)☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    (h)☒ other (specify): **Violated Collective Bargaining Agreement (CBA) Harassment Policy, etc. Racial discrimination under (CBA)**

13. The facts supporting the plaintiff's claim of discrimination are as follows:
    Please See Attachment 13. For Details.
    Thank You.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a) ☐ Direct the defendant to hire the plaintiff.
   (b) ☐ Direct the defendant to re-employ the plaintiff.
   (c) ☐ Direct the defendant to promote the plaintiff.
   (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.
   (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.
   (f) ☐ Direct the defendant to (specify): _____

   (g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
   (h) ☒ Grant such other relief as the Court may find appropriate.

   _[signature]_
   Plaintiff's signature

   MICHAEL BLACKWELL
   Plaintiff's name

Plaintiff's street address   2329 DEMPSTER ST.

City EVANSTON     State  IL      ZIP 60201

Plaintiff's telephone number  (312) 239-0681

Date: August/08/2009

August 28,2009

ATTACHMENT 13# DISCRIMINATION CHARGE

Michael Blackwell
Plaintiff
V
Kokua Hospitality llc
/dba.
The Allerton Hotel Chciago
Defendant

I worked for the Allerton Hotel beginning in May,2005 as an over night bellman.I was subjected to racial harassment by my supervisor and complained about it numerous times to mangament.Shortly after my complaints I was terminated for abandoning job.I had not abandoned my job as proven by being awareded full reinstatement through union grievance process.Non-black employees and or employees who have not complained of harassment who have abandoned job were not terminated.When I returned the racial harassment continued constantly charged by the supervisor.I made numerous verbal and written complaints to the hotel management about my concerns.More false charges were being inserted by the harasser against me creating bogus discipline opportunities for the supervisor to make good on his daily threats .I filed more formal complaints.I was being denied lunch breaks while Non black employees refused to relieve me during my entire shift were permitted to go on lunch breaks. Soon after I complained I was terminated. Non black employees who had not complained of discrimination and or had abandoned their assigned work area or engaged in worse proven policy violations were not terminated.I believe this was a pattern of behavior against black employees.

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Michael Blackwell
2329 Dempster Street, #1
Evanston, IL 60201

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8814 4138

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-00574 | Katarzyna Cychowska, Investigator | (312) 353-7500 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)  The Commission has ceased processing of this Charge.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,
District Director

6/2/09
(Date Mailed)

Enclosures(s)

cc: **ALLERTON CHICAGO**

| CHARGE OF DI_ RIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#08W1206.10 | AGEN<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2008CF1460<br>21BA 80574<br>21B-2008-60574 |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.)<br>Michael Blackwell | | HOME TELEPHONE (include area code)<br>(312) 388-1419 |
|---|---|---|
| STREET ADDRESS<br>2329 Dempster Street, Apt. 1 | CITY, STATE AND ZIP CODE<br>Evanston, IL 60201 | DATE OF BIRTH<br>06/03/72 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>The Allerton Hotel Chicago | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code)<br>(312) 440-1500 |
|---|---|---|
| STREET ADDRESS<br>701 N. Michigan Avenue | CITY, STATE AND ZIP CODE<br>Chicago, IL 60611 | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br>RACE    RETALIATION | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>11/13/2007<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I. A. **ISSUE/BASIS**

**DISCHARGE – NOVEMBER 13, 2007, BASED ON MY RACE, BLACK**

B. **PRIMA FACIE ALLEGATIONS**

1. My race is black.

2. I began my employment with Respondent in May 2005. My job performance as Bell Person, on the night shift meet's Respondent's legitimate expectations.

**Continued...**

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 6 DAY OF December, 2007

NOTARY SIGNATURE

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 9/21/09

NOTARY SEAL

X _____ Dec/6/07
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Complainant: Micha Blackwell
Charge Number: 2008CF1460
Page 2.

  3. On November 13, 2007, the security guard (name unknown, non-black), informed Respondent that I was sleeping in the cafeteria. I informed Respondent that I was not asleep and was on lunch during the time the security guard saw me in the cafeteria.

  4. Respondent stated that their security cameras showed that I was away from my post so they took the word of the security guard to make their decision to discharge me.

  5. Similarly situated (non-black) employees, Serge, John and Kelly (last names unknown), Bellmen, leave their post every night and they have not been discharged.

II. A. DISCHARGE – NOVEMBER 13, 2007, IN RETALIATION FOR FILING A GRIEVANCE OPPOSING HARASSMENT BASED ON MY RACE, BLACK

  B. PRIMA FACIE ALLEGATIONS

   1. In May 2007, Respondent discharged me for allegedly abandoning my job. I engaged in a protected activity and filed a grievance with my union opposing unlawful discrimination based on my race, black. In October 2007, I won my grievance and was returned to work with back pay.

   2. On November 13, 2007, the security guard (name unknown), informed Respondent that I was sleeping in the cafeteria. I informed Respondent that I was not asleep and was on lunch during the time the security guard saw me in the cafeteria.

   3. Respondent stated that their security cameras showed that I was away from my post so they took the word of the security guard to make their decision to discharge me.

   4. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

MEE/JJT